UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA,

                            Plaintiff,

          -against-                           22-CV-01170-LTS

ACCREDITED SURETY AND CASUALTY
COMPANY, INC., and GREAT AMERICAN
INSURANCE COMPANY,

                            Defendants.

---

<u>ORDER FOR SUPPLEMENTAL BRIEFING</u>

        Pending before the Court are three cross motions for summary judgment in this declaratory judgment action. In relevant part, Travelers moves for a declaration that the Defendants, Accredited Surety and Casualty Company ("ASCC") and Great American Insurance Company ("GAIC") each have a duty to defend 5541-1274 Fifth Avenue ("Fifth") in the underlying state court action and that the Defendants' coverage obligations are primary while Travelers' coverage obligations are in excess. (<u>See</u> docket entry no. 37.) Travelers reasons that the Defendants' respective coverage obligations are both "primary absent one of five [exceptions]," which do not apply to their obligation with respect to Fifth. (Docket entry no. 41 at 19-20.) Neither ASCC nor GAIC responded to this argument in their various briefs. (<u>See</u> docket entry nos. 44, 50, 54, 57.) The Court now requires supplemental briefing to further inform its consideration of this issue.

        The Parties are hereby directed to submit further briefing regarding the issue of whether any obligation for ASCC or GAIC to provide additional insured coverage for Fifth is primary, and whether Travelers' obligation should be considered in excess over their respective obligations, by interpretation of the various "other insurance" clauses for each policy. <u>See</u> <u>Sport</u>

<u>Rock Int'l, Inc. v. Am. Cas. Co. of Reading, PA</u>, 65 A.D.3d 12, 18 (1st Dep't. 2009).  The Parties' supplemental briefs are not to **exceed six substantive pages** and will be due according to the following schedule:  GAIC and ASCC must each file a supplemental brief addressing Travelers' arguments on this issue by July 1, 2024, Travelers' responsive brief must be filed by July 9, 2024.  Should a defendant insurer fail to respond to this Order in the timeline dictated, their argument will be considered waived with respect to this issue.


Dated: New York, New York
       June 24, 2024

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge